CHARLES KESSELRING et al., Appellees, v. ELMER MORELAND et al., Appellants.

No. 47286.

(Reported in 34 N. W. 2d 192)

OCTOBER 19, 1948.

O. W. Harris, of Jefferson, for appellants.

H. E. Newton, of Stuart, and C. H. Taylor, of Guthrie Center, for appellees.

MULRONEY, J.—On August 20, 1947 the plaintiffs, as tax-payers in School Township of Seeley, in Guthrie county, showed the trial court their verified petition wherein they alleged the defendants (members of the school board and the county super-intendent of schools) were about to open schools Nos. 5 and 8 contrary to law. Upon reading the petition and supporting affidavit the trial court, on the same day, without notice to defendants, made an order for a writ of temporary injunction restraining the defendants from opening the schools. Two days later the plaintiffs filed their petition and on August 26 the defendants filed their motion to set aside and dissolve the temporary injunction and at the hearing thereon on August 31 the trial court ruled that the temporary injunction should stand but it should be modified to allow the schools to open on September 1 on a temporary basis. Thereafter, defendants filed their answer and trial was had on December 15, 1947, resulting in a permanent injunction closing both schools. The defendants perfected an appeal to this court and by a super-sedeas bond stayed the closing of the schools.

The following are the undisputed facts as disclosed by admissions in pleadings, stipulations, and the brief testimony of a few witnesses. School No. 8 had closed in the Fall of 1945 because the average daily attendance during the term before it closed was 4.4. School No. 5 had been closed during the school year 1946–1947, but during the school year 1945–1946 when the school was last open, the average daily attendance for the year was 5.7. At this point we refer to section 279.15, Code, 1946, set forth in the footnote,* upon which this action is based.

---

*279.15  Nonemployment of teacher—when. No contract shall be en-tered into with any teacher to teach an elementary school when the aver-age daily attendance of elementary pupils in such school the last preced-ing term therein was less than five such pupils of school age, resident of the district or subdistrict, as the case may be, nor shall any contract be entered into with any teacher to teach an elementary school for the next ensuing term when it is apparent that the average daily attendance of

A reading of this statute shows that school No. 8 could be opened with the county superintendent's written permission upon the subscribing by the parents of seven children to a written statement that their children would attend the school. Since it does not appear school No. 5 was closed for lack of pupils, it could open unless it was apparent the average daily attendance would be less than five or the enrollment less than six.

The record shows that as to school No. 8 the proper affidavit was filed with the superintendent by the parents of seven children on August 30, but at this time the superintendent was, by the preliminary injunction, restrained from giving written permission to the school board to contract with a teacher and open the school. Moreover the record shows that when this school was opened on September 1 under the modified preliminary injunction it started with an enrollment of eight and there were eight pupils at the time of the trial in December and the average daily attendance for the first twelve weeks was about 7.8.

With respect to school No. 5 the record shows it opened on September 1 under the modified preliminary injunction with an enrollment of five and there were five pupils at the time of the trial in December and the average daily attendance was 4.94 for the first six weeks and 4.90 for the second six weeks.

The plaintiffs contended and the trial court held that both schools should be closed, because as to school No. 8 the affidavit was filed too late (after the preliminary injunction had issued) and as to school No. 5 where the enrollment was less than six,

elementary pupils in such school will be less than five or the enrollment less than six such pupils of school age, resident of the district or sub-district, as the case may be, regardless of the average daily attendance in such school during the last preceding term, unless the parents or guardians of seven or more such elementary children subscribe to a written statement sworn to before the county superintendent or a notary public certifying that such children will enroll in and will attend such elementary school if opened and secure from the county superintendent written permission authorizing the board to contract with a teacher for such school for a stated period of time not to exceed three months.

When natural obstacles to transportation of pupils to another school in the same or in another corporation or other conditions make it clearly inadvisable that such elementary school be closed, the county superintendent may authorize the board in writing to contract with a teacher for such school for a stated period of time not to exceed three months.

it was apparent the average daily attendance would be less than five.

■ I. Questions as to the propriety of issuing an injunction order before a petition was filed and without notice to the defendants need not detain us. But it would seem the opening of a school or the contracting with a teacher would be part of the general and ordinary business of the school corporation and as such should not be stopped without notice. Rule 326, Rules of Civil Procedure. However, the preliminary injunction as modified on August 31 permitted the schools to open though it was on a temporary basis.

■ This appeal is from the permanent injunction issued after the trial on December 15. No permanent injunction should have issued under the record in this case. The hasty preliminary injunction specifically restrained the defendant superintendent "from giving written permission authorizing this said Board to contract with any teacher for teaching these said schools." He testified he had a proper affidavit from the parents of seven pupils in the school No. 8 subdistrict on August 30 and his testimony rather indicates that his written permission to open the school on September 1 would have been forthcoming but as he said "The order for injunction was served upon me the 20th day of August, 1947, so that any time after the 20th day of August, I could not have given permission if I had wanted to * * * I was under injunction * * *." The board meetings in the Spring of 1947 show that the board voted to open all schools "which have the required number of pupils" and to open school No. 5 "subject to the approval of the county superintendent." But the record is silent as to when contracts were made with teachers to teach in these schools, save that it does show contracts were made with teachers to teach on a temporary basis after the preliminary injunction was modified. The defendants in their answer admitted they had taken steps toward contracting with teachers for schools Nos. 5 and 8. As to school No. 8 the record shows the necessary affidavit was subscribed by the parents of seven children prior to September 1, and we think it fairly shows the requisite permission from the superintendent was halted by the preliminary injunction. The per

manent injunction cannot be supported by showing a lack of the required permission, when the preliminary injunction restrained the defendant superintendent from giving the permission.

As to school No. 5 which was not closed for lack of pupils, the plaintiff seems to admit this school could be opened without permission from the superintendent unless "it is apparent that the average daily attendance * * * will be less than five." The plaintiffs argue, since the school opened with an enrollment of five, "it would be near to a physical impossibility to have the required average daily attendance" of five. But there is no showing that there were only five children of school age in subdistrict No. 5. It does not appear from this record that it should have been *apparent* to the school board in August that the average daily attendance would be less than five or even that the enrollment might not have increased. Plaintiffs' argument that it was apparent in August that the average daily attendance would be less than five, because the average daily attendance from September to December was actually less than five, springs from wisdom after the event. The record shows that the last time this school was opened during the school year 1945-1946 it also started with an enrollment of five, but went up to ten during the school year, and closed with an enrollment of nine with an average daily attendance during the complete school year of 5.7.

Moreover, and this applies to both schools, there is in the record some testimony of poor roads in the district, which in the past had resulted in stalled school busses, and the children in the subdistricts where the schools had been closed, who were being transported to other schools, had been forced to walk because of the roads that were impassable for the busses. This evidence was not disputed and undoubtedly it was introduced to show conditions which might warrant the schools remaining open under the second paragraph of section 279.15, Code, 1946, authorizing the county superintendent to permit any school to open for three months if obstacles to the transportation of the pupils to another school render it inadvisable to close the school. Any order the court made in the injunction action should have

permitted the county superintendent to exercise the discretion lodged in him by the statute.

For the reasons stated, the cause is reversed and remanded for decree dismissing plaintiffs' petition.—Reversed and remanded.

All JUSTICES concur.